E-FILED
Monday, 09 September, 2019 03:27:31 PM
Clerk, U.S. District Court, ILCD

FILED
SIXTH JUDICIAL CIRCUIT
7/29/2019 3:44 PM
By: SW

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY
## STATE OF ILLINOIS

| | | |
|---|---|---|
| KENNETH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| JELD-WEN, INC. | ) | Division No.: |
| | ) | JURY TRIAL DEMANDED |
| **SERVE REGISTERED AGENT:** | ) | |
| C T Corporation System | ) | |
| 208 So LaSalle St, Suite 814 | ) | 2019L 000108 |
| Chicago, IL, 60604 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JELD-WEN DOOR REPLACEMENT | ) | |
| SYSTEMS, INC. | ) | |
| | ) | |
| **SERVE REGISTERED AGENT:** | ) | |
| C T Corporation System | ) | |
| 208 So LaSalle St, Suite 814 | ) | |
| Chicago, IL, 60604 | ) | |
| | ) | |
| Defendant. | ) | |

**Exhibit A**

### COMPLAINT

COME NOW Plaintiff, Kenneth Thompson ("Plaintiff"), by and through his undersigned attorneys, and for his cause of action against Defendant, Jeld-Wen, Inc. and Jeld-Wen Door Replacement Systems, Inc. ("Jeld-Wen" or "Defendants") and John Doe, states as follows to the Court:

### PARTIES AND JURISDICTION

1. Plaintiff is and was at all relevant times herein a resident of Champaign County, State of Illinois.

2. At all times herein mentioned Defendant Jeld-Wen Inc. was a foreign corporation,

incorporated in Delaware, organized and existing pursuant to the laws of the State of Illinois and engaged in the business of manufacturing windows and doors, with its principal place of business in Champaign County, at 201 Evans Road, Rantoul, IL 61866.

3. At all times herein mentioned Defendant Jeld-Wen Door Replacement Systems, Inc. was a foreign corporation, incorporated in Delaware, organized and existing pursuant to the laws of the State of Illinois and engaged in the business of manufacturing windows and doors, with its principal place of business in Champaign County, at 201 Evans Road, Rantoul, IL 61866.

4. That jurisdiction and venue are proper in this court in that the events that give rise to this negligence cause of action occurred in Rantoul, IL in Champaign County, IL.

## GENERAL ALLEGATIONS

5. At all times relevant herein, Plaintiff was an employee of Express Employment Professionals, a temp agency located at 1001 North Mattis Avenue, Champaign, IL 61821.

6. At all times relevant herein Defendant was operating a window and door manufacturing business at 201 Evans Road where Defendants manufacture and sell windows and doors.

7. At all times relevant herein Plaintiff was an invitee of Defendants at 201 Evans Road, Rantoul, IL 61866.

8. On August 8, 2017, the day of Plaintiff's injury herein, Plaintiff had been temporarily placed for assignment at Defendants' business at 201 Evans Road.

9. On August 8, 2017, Plaintiff was assigned to the shipping department where he was to package doors in crates for shipment to customers.

10. On August 8, 2017, Plaintiff was injured when an employee of Defendants dropped a door that weighed several hundred pounds off a forklift and it landed on Plaintiff.

11. At all times relevant herein, Defendants' employee and forklift operator was under the influence of drugs and/or alcohol.

12. At all times relevant herein Defendants employees were acting in the course and scope of their employment with Defendants.

## COUNT I: VICARIOUS LIABILITY

13. At all times relevant and mentioned herein, Defendants employee, the forklift operator, was acting in the course and scope of his employment with Defendants as an agent, servant, and/or employee.

14. At all times relevant herein, Defendants employee was furthering the business interests of his employer(s), Defendants, making Defendants vicariously liable for his actions and/or inactions as stated herein.

15. Defendants were negligent, as more fully set forth herein, below.

16. As a direct and proximate result of the aforesaid injuries, Plaintiff has sustained serious and permanent injuries to his neck and back; he has been caused to undergo extensive medical care and treatment as well as hospital care and treatment, and, more likely than not, will be required to undergo further such care and treatment in the future.

17. As a direct and proximate result of the aforesaid injuries, Plaintiff will be required to become indebted for additional expenses for medical care and treatment in the future, the complete cost of which is unknown.

18. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of future injury and surgery.

19. Because of Defendant's negligence, Plaintiff has incurred past pain, past suffering, past lost wages and will incur future damages, future pain, future suffering, future medical costs,

future lost wages, and a diminished earning capacity, all in an amount that is currently not known, but expected to be substantial.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus their costs herein expended and for such other relief as this Court deems just and proper.

## COUNT II: NEGLIGENT HIRING/RETENTION

20. Plaintiff incorporates the above paragraphs as if more fully set forth herein.

21. At all relevant times herein, it was the duty of Defendants to take such measures and care, as the nature of the situation might require, calculated to provide safe conditions in their business offices for invitees, including Plaintiff.

22. It was the further duty of Defendants to properly and adequately train their employees on their use of forklifts and to take, exercise, and maintain proper precautions for the general safety of all invitees, including Plaintiff.

23. It was further the duty of Defendants to hire and retain only properly qualified employees to operate forklifts in their business offices.

24. On August 8, 2017, and previously, Defendants were negligent in the following ways:

    a. Hiring an employee as a forklift driver when it should have been evident that said employee was unqualified for such a position prior to this incident.

    b. Retaining an employee as a forklift driver when it should have been evidence that said employee was unqualified for such a position prior to this incident.

  c.  Hiring and retaining an employee that was performing work tasks while under the influence of drugs and/or alcohol.

25. As a direct and proximate result of the aforesaid injuries, Plaintiff has sustained serious and permanent injuries to his neck and back; he has been caused to undergo extensive medical care and treatment as well as hospital care and treatment, and, more likely than not, will be required to undergo further such care and treatment in the future.

26. As a direct and proximate result of the aforesaid injuries, Plaintiff will be required to become indebted for additional expenses for medical care and treatment in the future, the complete cost of which is unknown.

27. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of future injury and surgery.

28. Because of Defendant's negligence, Plaintiff has incurred past pain, past suffering, past lost wages and will incur future damages, future pain, future suffering, future medical costs, future lost wages, and a diminished earning capacity, all in an amount that is currently not known, but expected to be substantial.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus their costs herein expended and for such other relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING/SUPERVISION

29. Plaintiff incorporates the above paragraphs as if more fully set forth herein.

30. At all relevant times herein, it was the duty of Defendants to take such measures and care, as the nature of the situation might require, calculated to provide safe conditions at their business offices for invitees, including Plaintiff.

31. It was the further duty of Defendants to properly and adequately train and maintain proper and adequate supervision of their employees for the general safety of all invitees to their business offices, including Plaintiff.

32. On August 8, 2017, and at various previous times, Defendants were negligent in the following ways:

   a. Not qualifying, training, or supervising its forklift operators.

   b. Failing to supervise its forklift operators such that Defendants should have been aware that their forklift operator was working while under the influence of drugs and/or alcohol.

   c. In not supplying sufficient personnel to maintain proper and adequate supervision of its forklift operators.

   d. In not exercising due care or taking proper precautions for the safety of the invitees, including Plaintiff.

   e. In neglecting and failing to exercise proper supervision and control over forklift operators and in allowing them to neglect their duties to invitees, including Plaintiff.

33. As a direct and proximate result of the aforesaid injuries, Plaintiff has sustained serious and permanent injuries to his neck and back; he has been caused to undergo extensive medical care and treatment as well as hospital care and treatment, and, more likely than not, will be required to undergo further such care and treatment in the future.

34. As a direct and proximate result of the aforesaid injuries, Plaintiff will be required to become indebted for additional expenses for medical care and treatment in the future, the complete cost of which is unknown.

35. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of future injury and surgery.

36. Because of Defendant's negligence, Plaintiff has incurred past pain, past suffering, past lost wages and will incur future damages, future pain, future suffering, future medical costs, future lost wages, and a diminished earning capacity, all in an amount that is currently not known, but expected to be substantial.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus their costs herein expended and for such other relief as this Court deems just and proper.

### COUNT IV: NEGLIGENT OPERATION OF A FORKLIFT

37. Plaintiff incorporates the above paragraphs as if more fully set forth herein.

38. At all relevant times herein, it was the duty of Defendants to take such measures and care, as the nature of the situation might require, calculated to provide safe conditions at their business offices for invitees, including Plaintiff.

39. Defendants, by and through their employees, were negligent in the following manner:

    a. Defendant operated the forklift while under the influence of drugs and/or alcohol.

    b. Defendants chose to drive the forklift in such a manner that they allowed the door that was being carried on the forklift to fall off the forklift and land on Plaintiff.

    c. Defendants by and through its employees, chose to drive the forklift too fast for the conditions at Defendants' business offices.

   d. Defendant failed to keep a careful lookout while operating the forklift.

40. As a direct and proximate result of the aforesaid injuries, Plaintiff has sustained serious and permanent injuries to his neck and back; he has been caused to undergo extensive medical care and treatment as well as hospital care and treatment, and, more likely than not, will be required to undergo further such care and treatment in the future.

41. As a direct and proximate result of the aforesaid injuries, Plaintiff will be required to become indebted for additional expenses for medical care and treatment in the future, the complete cost of which is unknown.

42. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of future injury and surgery.

43. Because of Defendant's negligence, Plaintiff has incurred past pain, past suffering, past lost wages and will incur future damages, future pain, future suffering, future medical costs, future lost wages, and a diminished earning capacity, all in an amount that is currently not known, but expected to be substantial.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus their costs herein expended and for such other relief as this Court deems just and proper.

### COUNT V: NEGLIGENCE
### (Premises Liability)

44. Plaintiff incorporates the above paragraphs as if more fully set forth herein.

45. Defendants have a duty to keep their premises safe for invitees such as Plaintiff.

46. Defendants, by using ordinary care, knew or should have known that their operation was dangerous and not reasonably safe.

47. Defendants breached that duty, and were negligent, in the following manner:

   a. Defendants allowed its forklift operator to do so while under the influence of drugs and/or alcohol.

   b. Defendants failed to have procedures in place to ensure the transportation of products to the shipping department was done in a manner that was not dangerous.

   c. Defendants chose to allow the product drop off location at the shipping department to be in a dangerous and unsafe location, such that it subjected shipping department employees to potential injury.

48. As a direct and proximate result of the aforesaid injuries, Plaintiff has sustained serious and permanent injuries to his neck and back; he has been caused to undergo extensive medical care and treatment as well as hospital care and treatment, and, more likely than not, will be required to undergo further such care and treatment in the future.

49. As a direct and proximate result of the aforesaid injuries, Plaintiff will be required to become indebted for additional expenses for medical care and treatment in the future, the complete cost of which is unknown.

50. As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of future injury and surgery.

51. Because of Defendant's negligence, Plaintiff has incurred past pain, past suffering, past lost wages and will incur future damages, future pain, future suffering, future medical costs, future lost wages, and a diminished earning capacity, all in an amount that is currently not known, but expected to be substantial.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand and 00/100 Dollars

($25,000.00), plus their costs herein expended and for such other relief as this Court deems just and proper.

                Respectfully Submitted,

                **PAGE LAW**

                */s/ Andrew T. Drazen*
                Andrew T. Drazen, #6294967
                Attorney for Plaintiff
                9930 Watson Road
                Suite 100
                St. Louis, MO 63126
                Phone: (314) 835-5813
                Fax:   (314) 835-5867
                andy@pagelaw.com